UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARIA MANGA,
    *Plaintiff*,

v.

U.S. SMALL BUSINESS
ADMINISTRATION,
    *Defendant*.

Civil Action No. 1:25-cv-00214 (UNA)

## MEMORANDUM OPINION

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed this matter on January 24, 2025. *See* Complaint, ECF No. 1. On February 25, 2025, the Court entered an Order ("Ord."), ECF No. 4, finding that Plaintiff's Complaint was vague and failed to adhere to the minimal pleading requirements set forth by Federal Rule of Civil Procedure 8(a), *see id*. at 1–2. The Court provided Plaintiff with an opportunity to file an Amended Complaint, correcting all the noted deficiencies, within 30 days. *See id.* at 2.

Since that time, the Court has provided Plaintiff with two extensions to that deadline, and on July 25, 2025, Plaintiff submitted an Amended Complaint ("Am. Compl."), ECF No. 7. Then on August 14, 2025, she filed a Supplement ("Supp."), ECF No. 8, to the Amended Complaint, though she did not seek leave to do so, nor was leave granted, and the submission thus fails to comply with Federal Rule 15(a) and D.C. Local Civil Rules 7(i) and 15(i). In any event, the Supplement largely repeats allegations already set forth in the Amended Complaint.

Upon review, the Court finds that it lacks jurisdiction over Plaintiff's claims. Plaintiff, who sues her employer, the Small Business Administration ("SBA"), has clarified in her Amended Complaint and Supplement that she seeks to enforce an order entered by the Merit Systems

Protection Board ("MSPB") because the SBA has refused to comply with the order's mandatory terms. *See* Am. Compl. at 2–3, 6–79 (Exhibits); Supp. at 1–2. She seeks to enforce that order and requests an entry of default judgment and damages. *See* Am. Compl. at 3; Supp. at 2.

Relevant here, once a MSPB decision becomes final, a party may petition the MSPB for enforcement of the decision. *See* 5 C.F.R. § 1201.182; *Gammal v. Merit Sys. Prot. Bd.*, 671 F.2d 654, 656 (1st Cir. 1982). Upon a properly filed petition for enforcement, an administrative law judge ("ALJ") must issue a decision on the question of compliance. *See* 5 C.F.R. § 1201.183(a). If the ALJ finds that the agency has not complied with the final decision, the ALJ must issue an initial decision directing the agency to comply, *see id.* § 1201.183(a)(8)(i), and a party objecting to that initial decision or compliance with it may petition the MSPB for further review, *see id.* § 1201.183(b)–(c). "Pursuant to th[ese] regulation[s], the Merit Board itself, not this Court, is the appropriate forum. This Court has no authority to enforce such orders." *Lodge v. U.S. Dep't of Treasury*, No. 07-cv-02773, 2008 WL 11417242, at *2 (N.D. Ga. Jan. 3, 2008) (citing 5 C.F.R. § 1201.182) (dismissing as frivolous and for want of subject matter jurisdiction).

In fact, Plaintiff seems to be aware of these requirements because, on July 9, 2025, she appears to have filed a petition for enforcement, by and through counsel, with the MSPB. *See* Am. Compl. at 6–10. Because the MSPB has set procedures for adjudicating a petition to enforce its own orders, Plaintiff cannot make "a collateral attack raised in the district court." *See Wilder v. Merit Sys. Prot. Bd.*, No. 09-cv-00615, 2009 WL 935813, at *1 (D.D.C. Apr. 2, 2009) (quoting *Arakawa v. Reagan*, 666 F. Supp. 254, 257 (D.D.C. 1987)). To that same end, the Court cannot intervene or otherwise interfere with Plaintiff's pending petition for enforcement or any tangential claims and issues. The Court "is precluded from either reviewing final decisions of MSPB or compelling MSPB to act in a certain manner because the Federal Circuit Court of Appeals has

exclusive jurisdiction of an appeal from a final order or final decision of the MSPB," *Grant v. Dep't of Treasury*, 194 F. Supp. 3d 25, 30 (D.D.C. 2016) (alteration adopted) (citation and internal quotation marks omitted), and insofar as Plaintiff challenges a final order or decision of the MSPB, the Federal Circuit Court of Appeals has exclusive jurisdiction, *see* Ord. at 2 (already noting same) (citing 5 U.S.C. § 7703(a)(1), (b)(1)(A)); *Elgin v. Dep't of Treasury*, 567 U.S. 1, 6 (2012) (citing 28 U.S.C. § 1295(a)(9)).

Consequently, this matter is dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3). An Order consistent with this Memorandum Opinion is issued separately.

Date: November 5, 2025

/s/ Carl J. Nichols
CARL J. NICHOLS
United States District Judge